Rory C. Leisinger, Esq. (SBN: 277476)
Leisinger Law, LLP
118 N. Citrus Ave, Suite B
Covina, CA 91723
Tel: 626-290-2868
Rory@leisingerlaw.com

Attorney for Plaintiff,
Wanda Moore

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA MOORE, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED MEDICAL RECOVERY, LLC AND BURTON LAW FIRM,<br><br>　　　　Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**AND**<br><br>**JURY TRIAL REQUEST** |

Plaintiff, Wanda Moore ("Moore"), on behalf of herself (hereinafter as "Plaintiff"), and all others similarly situated, by and through her undersigned attorney, allege against the Defendants, United Medical Recovery, LLC (hereinafter "United") and Burton Law Firm (hereinafter "Burton"), (collectively "Defendants") as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code § 1788 *et seq.*, brought by Wanda Moore, in her own individual capacity, and on behalf of a class of other, as of yet unidentified, similarly situated individuals.

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff Wanda Moore is a natural person, who at all relevant times has resided in the city of Hawthorne, Los Angeles County, state of California. Plaintiff is a "consumer" or "debtor" as defined by 15 U.S.C. §1692a(3) and Cal. Civ. Code §1788.2(h).

5. Defendant United Medical Recovery, LLC is a corporation doing business in the State of California, with its corporate address at 950 North State Street, Jackson, MS 39202. Defendant is a "debt collector" as defined by 15 U.S.C § 1692a(6) and Cal. Civ. Code §1788.2(c), as it regularly collects on various personal debts ranging inclusive of but not limited to debts stemming from various providers.

6. Defendant Burton Law Firm is a corporation doing business in the State of California, with its corporate address at 106 South President Street, Suite 210, Jackson, MS 39201. Defendant is a "debt collector" as defined by 15 U.S.C § 1692a(6) and Cal. Civ. Code §1788.2(c), as it regularly collects on various personal debts ranging inclusive of but not limited to debts stemming from various providers

## CLASS ACTION ALLEGATIONS

7. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of herself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices/letters/communications from Defendant which, as alleged herein, is in violation of the FDCPA and RFDCPA, and who reside

in the State of California as of one year from the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant as impracticable. On information and belief, tens of thousands, of persons have received debt collection notices/letters/communications from Defendants, which violate various provisions of the FDCPA and RFDCPA.

8. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

9. The Class is so numerous that joinder of all members is impracticable. On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant which violate various provisions of the FDCPA and RFDCPA.

10. The debt collection notices/letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

11. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA and RFDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12.     Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

14.     The members of the class have claims which are unlikely to be vindicated in the absence of a class action.

15.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

16.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

18.     Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus

allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

19. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL STATEMENT

20. At all times relevant to this litigation, both Defendants have engaged in the collection of an alleged debt due and owing. The alleged debt originated with Greenwood Leflore Hospital ("Subject Debt"), and accrued as the result of medical services provided Plaintiff.

21. Medical debts have long been considered "debt" as that term is defined by 15 U.S.C. § 1692a(5). The Subject Debt consists of two separate medical bills originating with Greenwood Leflore Hospital. Upon information and belief, the first of which was due to medical services provided in May of 2007 and the second in September of 2007.

22. No payments were ever made by Plaintiff on the Subject Debt at any time up to and including the date of this filing.

23. At all times relevant, Plaintiff has disputed the Subject Debt.

24. By way of written correspondence dated January 12, 2017, Defendant United and Defendant Burton sent Plaintiff what appears to be an initial letter ("Collection Letter"). The Collection Letter was sent on United letterhead, but the signatory was Burton, Attorney at Law Greenwood LeFlore Hospital.

25. The Collection Letter states in pertinent part as follows:

> *"If any portion of this debt is disputed, you are to notify us in writing within 30 days indicating the nature of the dispute, and if*

>*you do not, we will assume the debt to be valid. If you indicate a dispute, we will provide you with further evidence of the validity of the debt. The fact that you have 30 days to indicate a dispute will not prevent us from filing a lawsuit against you for the bill, attorney's fees and court costs. However, if you pay this bill to us within thirty (30) days from the date of receipt of this letter, you will avoid paying attorney's fees and court costs."*

26. The Collection Letter was received and read by Plaintiff on or about January 20, 2017.

27. By way of Alias Summons dated August 25, 2017, Defendant Burton sued Plaintiff seeking repayment on the Subject Debt. Burton sued on behalf of Greenwood LeFlore Hosptial.

28. The statute of limitations on the Subject Debt in the state of Mississippi is three (3) years.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692g(3)
*(As to United and Burton)*

29. Plainitff repeats and realleges the allegation contained in paragraphs 1 through 27 above and incorporates them as if set forth specifically herein.

30. The Collection Letter was received and read by Plaintiff on or about January 20, 2017.

31. The Collection Letter states in pertinent part as follows:

>*"If any portion of this debt is disputed, **you are to notify us in writing within 30 days** indicating the nature of the dispute, and if you do not, we will assume the debt to be valid. If you indicate a dispute, we will provide you with further evidence of the validity of the debt. The fact that you have 30 days to indicate a dispute will not prevent us from filing a lawsuit against you for the bill, attorney's fees and court costs. However, if you pay this bill to us within thirty (30) days from the date of receipt of this letter, you will avoid paying attorney's fees and court costs."* (Emphasis added)

32. 15 U.S.C. § 1692g(3) reads in pertinent part as follows:

>*Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the*

> *consumer a written notice containing -- a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.*

33. The fact that Defendants Burton and UMR included a "writing requirement" in the federally mandated disclosure required by 15 U.S.C. § 1692g(3) renders the disclosure violative of same. Plaintiff did not know, and could not know, the she may have merely called Defendants and advised that she disputed the debt, which would have precluded Defendants from "assuming the debt to be valid."

34. Plaintiff has been damaged and is entitled to relief.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692g(3)
*(As to United and Burton)*

35. Plaintiff repeats and realleges the allegation contained in paragraphs 1 through 27 above and incorporates them as if set forth specifically herein.

36. The Collection Letter was received and read by Plaintiff on or about January 20, 2017.

37. The Collection Letter states in pertinent part as follows:

> *"If any portion of this debt is disputed, you are to notify us in writing within 30 days **indicating the nature of the dispute**, and if you do not, we will assume the debt to be valid. If you indicate a dispute, we will provide you with further evidence of the validity of the debt. The fact that you have 30 days to indicate a dispute will not prevent us from filing a lawsuit against you for the bill, attorney's fees and court costs. However, if you pay this bill to us within thirty (30) days from the date of receipt of this letter, you will avoid paying attorney's fees and court costs."* (Emphasis added)

38. 15 U.S.C. § 1692g(3) reads in pertinent part as follows:

> *Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall,*

> *unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -- a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.*

39. Nothing in the text of 15 U.S.C. § 1692g(3) requires a consumer to indicate the nature of the dispute. The text of this particular provision of the FDCPA is clear and unambiguous that consumers merely need communicate that the debt is disputed.

40. Plaintiff did not know, and could not know, the she may have merely communicated her dispute, free of basis or rationale, which would have precluded Defendants from "assuming the debt to be valid."

41. By virtue of including language indicating that the Plaintiff must state the reasons for her dispute, Defendants have violated 15 U.S.C. § 1692g(3).

42. Knapp has been damaged and is entitled to relief.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
### 15 U.S.C. § 1692e(2)(A) & 15 U.S.C. § 1692e(10)
*(As to United and Burton)*

43. Knapp repeats and realleges the allegation contained in paragraphs 1 through 11 above and incorporates them as if set forth specifically herein.

44. The Collection Letter was received and read by Plaintiff on or about January 20, 2017.

45. The Collection Letter states in pertinent part as follows:

> *"If any portion of this debt is disputed, you are to notify us in writing within 30 days indicating the nature of the dispute, and if you do not, we will assume the debt to be valid. If you indicate a dispute, we will provide you with further evidence of the validity of the debt. The fact that you have 30 days to indicate a dispute will not prevent us from filing a lawsuit against you for the bill, attorney's fees and court costs.* ***However, if you pay this bill to us within thirty (30) days from the date of receipt of this letter, you***

<u>*will avoid paying attorney's fees and court costs.*</u>" (Emphasis added)

46. The emphasized portion of the Collection Letter, as shown above, is deceptive and misleading. At the time the letter was sent, suit had not been initiated and thus there were no court costs. At the time the letter was sent, Defendants had no yet complied with Mississippi Code Annotated, Section 11-53-81, and thus were not yet entitled to attorney's fees.

47. By virtue of including the emphasized language in the Collection Letter, Defendants are mischaracterizing the amount of the debt by advising the Plaintiff is liable for attorney's fees and court costs when same has not accrued.

48. Insomuch as the emphasized language above mischaracterizes the amount of the debt, the statement on its face is deceptive and wholly misleading, in violation of 15 U.S.C. § 1692e(10).

49. Plaintiff has been damaged and is entitled to relief.

## COUNT IV
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692e(2)(A)
*(As to Burton Only)*
*(On behalf of Moore in her Individual Capacity Only)*

50. Plaintiff repeats and realleges the allegation contained in paragraphs 1 through 27 above and incorporates them as if set forth specifically herein.

51. The Subject Debt consists of two separate medical bills originating with Greenwood Leflore Hospital. Upon information and belief, the first of which was due to medical services provided in May of 2007 and the second in September of 2007.

52. No payments were ever made by Plaintiff on the Subject Debt at any time up to and including the date of this filing.

53. By way of Alias Summons dated August 25, 2017, Defendant Burton sued Plaintiff seeking repayment on the Subject Debt. Burton sued on behalf of Greenwood LeFlore Hosptial.

54. The statute of limitations on the Subject Debt in the state of Mississippi is three (3) years.

55. By virtue of filing suit against the Plaintiff, and on behalf of Greenwood LeFlore Hospital, outside of the applicable statute of limitations, Burton has mischaracterized the legal nature and status of the Subject Debt, in violation of 15 U.S.C. § 1692e(2)(A).

## COUNT V
## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT
## CALIFORNIA CIVIL CODE § 1788, *et al.*
*(As to Burton and United)*

56. Plaintiff repeats and realleges the allegation contained in paragraphs 1 through 27 above and incorporates them as if set forth specifically herein.

57. Defendants' violations of the FDCPA, as delineated in Counts I through III, all constitute multiple violations of Cal. Civ. Code § 1788.17, which requires compliance with the FDCPA.

58. Plaintiff has been damaged and is entitled to relief.

## COUNT VI
## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT
## CALIFORNIA CIVIL CODE § 1788, *et al.*
*(As to Burton Only)*
*(On behalf of Moore in her Individual Capacity Only)*

59. Plaintiff repeats and realleges the allegation contained in paragraphs 1 through 27 above and incorporates them as if set forth specifically herein.

60. Burton's violation of the FDCPA, as delineated in Counts IV, constitutes a violation of Cal. Civ. Code § 1788.17, which requires compliance with the FDCPA.

61. Plaintiff has been damaged and is entitled to relief.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against the Defendants, and on behalf of the Plaintiff, for the following:

a. That judgment be entered in favor of Plaintiff declaring the Defendants' actions, as described above, in violation of the FDCPA and RFDCPA;

b. That an order be entered certifying the class as described above, pursuant to Fed. R. Civ. Pro. 23(b)(3).

c. That judgment be entered in favor of Plaintiff against both Defendants for actual damages for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1);

d. That judgment be entered in favor of Plaintiff against both Defendants for statutory damages of $1,000 for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2);

e. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

f. That the Court award statutory damages and attorney's fees and costs to Plaintiff against both Defendants, for the Rosenthal Fair Debt Collection Practices Act violations in accordance with § 1788.30(b) and § 1788.30(c) of the California Civil Code;

g. That the Court enjoin Defendants from utilize the violative language, as outlined herein, in all subsequent consumer debt collection letters.

h. That the Court grant such other and further relief as may be just and proper.

*Rest of Page Left Intentionally Blank;*
*Signature Page to Follow*

| | |
|---|---|
| Date: January 8, 2018 | RESPECTFULLY SUBMITTED |
| | By: *Rory Leisinger* |
| | Rory Leisinger, Esq. |
| | 118 N. Citrus Ave, Suite B |
| | Covina, CA 91723 |
| | Tel: 626-290-2868 |
| | Rory@leisingerlaw.com |
| | |
| | Attorney for Plaintiff |
| | Wanda Moore |